STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET SOLTAN, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01329<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Margaret Soltan ("Ms. Soltan"), on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Ms. Soltan is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact and technical contact of the Internet domain found at <margaretsoltan.com> (the "Domain").

**JURISDICTION**

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. Righthaven is the owner of the copyright in and to the literary work entitled: "UNLV football aide accused in gun, wallet theft" (the "Work"), attached hereto as Exhibit 1.

7. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8. Ms. Soltan willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

9. On or about May 7, 2010, Ms. Soltan displayed, and continues to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain and the Domain itself known herein as the "Website").

10. The subject matter, at least in part, of the Work and the Infringement, is an UNLV assistant football coach that allegedly stole a gun and wallet that belonged to a bouncer.

11. At all times relevant to this lawsuit, Ms. Soltan knew that the Work was originally published in the Las Vegas *Review-Journal*.

12. At all times relevant to this lawsuit, Ms. Soltan knew that the infringement was and is of specific interest to Nevada residents.

13. Ms. Soltan's display of the Infringement was and is purposefully directed at Nevada residents.

**VENUE**

14. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

15. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because Ms. Soltan is subject to personal jurisdiction in Nevada.

**FACTS**

16. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

17. Righthaven is the owner of the copyright in and to the Work.

18. The Work was originally published on May 7, 2010.

19. On July 26, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007181472 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration from the official USCO database depicting the occurrence of the Registration.

20. On or about May 7, 2010, Ms. Soltan displayed, and continues to display, the Infringement on the Website.

21. Ms. Soltan did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

22. Ms. Soltan was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

23. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 22 above.

24. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

25. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

26. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

27. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

28. Ms. Soltan reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

29. Ms. Soltan created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

30. Ms. Soltan distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

31. Ms. Soltan publicly displayed, and continues to publically display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

32. Ms. Soltan has willfully engaged in the copyright infringement of the Work.

33. Ms. Soltan's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

34. Unless Ms. Soltan is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Ms. Soltan, and Ms. Soltan's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Ms. Soltan, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Ms. Soltan to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to Ms. Soltan's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding Ms. Soltan's use of the Work; and

   c. All financial evidence and documentation relating to Ms. Soltan's use of the Work;

3. Direct the current domain name registrar, GoDaddy, and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this sixth day of August, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        STEVEN A. GIBSON, ESQ.
        Nevada Bar No. 6656
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        JOSEPH C. CHU, ESQ.
        Nevada Bar No. 11082
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff